UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


SHA-KIM MANDELA,                    )     Case No. 1:09 CV 964
                                    )
          Plaintiff,                )     JUDGE PATRICIA A. GAUGHAN
                                    )
     v.                             )
                                    )     MEMORANDUM OF OPINION
                                    )     AND ORDER
STATE OF OHIO, et al.,              )
                                    )
          Defendants.               )


     On April 27, 2009, plaintiff pro se Sha-Kim Mandela, an
inmate at the Marion Correctional Institution, filed this 42 U.S.C.
§ 1983 action against the State of Ohio and Cuyahoga County.  The
complaint alleges that Cuyahoga County Common Pleas Judge Lillian
Green made a clerical error in a journal entry, causing it to
appear plaintiff had been sentenced to 18 months time served,
instead of 8 months time served.  It is further alleged that this
error had significant negative consequences for plaintiff's
subsequent parole and security status.  For the reasons stated
below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

     A district court is expressly required to dismiss any
civil action filed by a prisoner seeking relief from a governmental
officer or entity, as soon as possible after docketing, if the
court concludes that the complaint fails to state a claim upon
which relief may be granted, or if the plaintiff seeks monetary
relief from a defendant who is immune from such relief. 28 U.S.C.

§1915A; <u>Siller v. Dean</u>, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000).

As a threshold matter, states are not "persons" subject to suit under 42 U.S.C. § 1983. <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58 (1989). Further, it is well established that section 1983 will not support a claim based upon a theory of <u>respondeat superior</u> alone. <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981). Governmental entities and supervising officers may be deemed liable for the unconstitutional actions of their agents only when those actions are the result of official policies or customs. <u>Monell v. Dept. of Social Services</u>, 436 U.S. 658 (1978). There are no allegations reasonably suggesting that defendants established policies or customs resulting in the violation of plaintiff's constitutional rights. <u>Salehpour v. University of Tennessee</u>, 159 F.3d 199, 206 (1998)(liability must be based on more than right to control employees); <u>Leach v. Shelby County Sheriff</u>, 891 F.2d 1241, 1246 (6th Cir. 1989) (supervisory liability under § 1983 must be based on <u>active</u> unconstitutional behavior).

Accordingly, this action is dismissed under 28 U.S.C. § 1915A. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 6/17/09